MERCADO *v.* MARTÍNEZ ET AL.

APPEAL from the District Court of Ponce.

No. 482.—Decided March 9, 1910.

UNLAWFUL DETAINER—PLAINTIFF'S TITLE—TITLE CONVEYED TO A THIRD PARTY.—
    The plaintiff in an action of unlawful detainer, claiming as the owner, and

by whose own statement it appears that he had sold the property to a third party more than a year previous, under the condition that it be returned to him without a tenant, has no cause of action to prosecute unlawful detainer proceedings.

ID.—PLAINTIFF'S CAUSE OF ACTION.—In accordance with section one of the act establishing unlawful detainer proceedings, approved March 9, 1905, the only persons who may prosecute an action of unlawful detainer are the owners of property, the usufructuaries thereof, or any other person or persons entitled to the enjoyment of the same, or persons claiming under them.

ID.—PURCHASER OF PROPERTY.—In the case at bar, the only person entitled to bring this action of unlawful detainer is the purchaser, if he still holds the title of ownership.

The facts are stated in the opinion.

*Messrs. Tomás Castillo and Domingo Sepúleveda* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The plaintiff, Acisclo Mercado y Mercado, alleges in a complaint filed in the District Court of Ponce on November 23, 1908, that he holds the full ownership of a masonry house and surface rights recorded in the Registry of Property of Ponce, said house standing on a lot belonging to the municipality of Juana Díaz, the lot being also recorded in the said registry.

The plaintiff further alleges that the defendants have occupied the house referred to at sufferance since the month of March, 1908, without any contract whatsoever and without any other title than the tolerance of the plaintiff; and he concludes with the prayer to the court to order them to vacate the premises within a period of 15 days, with the warning that, should they fail to do so, they will be ejected.

The defendants denied these facts and alleged that they had been owners of the property for a long number of years in full ownership and posession by title of inheritance from their grandmother and mother, Catalina Velázquez, their predecessor in interest.

The District Court of Ponce rendered judgment on November 4, 1909, and sustaining the complaint, ordered the dis-

possession sought with the warning of ejectment, in case of defendant's failure to vacate the premises.

The defendants, after furnishing bond in the sum of $200, took an appeal from said judgment.

· The statement of facts signed and approved by the judge in order "to be used in the appeal to the Supreme Court from the final judgment," contains a statement under oath of the plaintiff, Acisclo Mercado y Mercado, in which he declares "that a year ago he sold the house to Carlos Mercado with the· stipulation that it was to be delivered unoccupied by tenants."

Section one of the act establishing unlawful detainer proceedings, approved March 9, 1905, reads:

"The action of unlawful detainer may be commenced by the owners of property, usufructuaries thereof, or by other person or persons entitled to the enjoyment of such property, or by persons claiming under them."

Now then, if the trial in this case was had on September 25, 1909, and on said date the plaintiff testified that he had not been the owner of the house for a year because he had sold it, he was not the owner thereof on November 23, 1908, when he filed the complaint, and consequently, he had no right of action in the premises, inasmuch as he did not have the ownership of the estate which is the only title alleged by him in filing his complaint.

In their brief presented to this Supreme Court these reasons are alleged by the appellants in support of the reversal of the judgment they seek.

It is evident that the defendants could not have alleged anything against this want of action at the time they made answer, because the fact of the sale did not become known to them until after the trial was held.

The only person who can bring this action of unlawful detainer is Carlos Mercado, if he still holds the title of ownership.

Under the circumstances, the judgments rendered by the District Court of Ponce on November 4, 1909, should be reversed and the complaint dismissed without any special taxation of costs.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.